Robertson, Oh. J.
The language of the 12th section of the act authorizing the formation of companies to carry on any mechanical business, (Sess. Laws of N. Y. 1848, ch. 40,) is greatly modified by the construction given to it by the Court of Appeals in the case of Boughton v. Otis, (21 N. Y. Rep. 261.) Its generality, by which trustees of a company formed under such law, in case of their failure to publish in a certain designated manner, and file a certain report, verified in a certain way, within the first twenty-one days in January in each year, are made responsible for all debts then existing or which may be contracted before such report is filed, is restrained to the trustees who may have been guilty of such delinquency, and to debts contracted before they relinquish office; and such construction is given to the statute simply on the ground of the injustice of making persons liable for the acts of others over which they had no control. (Comstock, J. 263. Denio, J. 266.) Comstock, J. says: If persons sue *637 ceeding to office do not “promptly obey the requirement of the act, * * they very properly incur the hazard of the debts which they themselves, as trustees, contract. This hazard they may be quite willing to incur; but there is neither principle nor policy in making them responsible for the acts and defaults of their predecessors.”
If the principle and policy of the statute are to be'inquired into, as well as the justice of its provisions, for the purpose of construing them, even against the literal meaning of the language used, I think it clear that both such principle and justice require that trustees should not be made liable for debts not contracted by them or during their trusteeship. The same principle must be applicable to acts done before they became trustees, as to those after they relinquished it, and the language of Justice Comstock is directly in point as to the principle and policy of imposing responsibility for the acts of predecessors. The same learned judge says : “ The general policy of the act is immunity from personal liability ” upon certain conditions, and undoubtedly it was not intended to inflict upon a trustee who should fail properly to publish and file in proper time a proper report, the penalty of paying all debts of the company, whether he participated in creating them or knew of their existence or not. It is not necessary to inquire how constitutional an act would be that should inflict such a penalty, not only for acts not done by the party to be charged, but for an omission to procure other parties to join in a report, or verify it, such as the other trustees, or the president, or secretary of the company, or owner of the newspaper in which the report is to be published, over whom he has no control, or to state in such report debts of whose existence he may be ignorant; as the injustice of it is sufficient to warrant any construction of the statute, which should defeat it. Of course, if the policy of the statute is only “ immunity from personal liability,” upon condition, a trustee who makes the contract takes the risk of being able to fulfill, the condition, and he knows the existence of the debt. I feel satisfied therefore that in order to carry out the policy of the statute and prevent injustice, the liability *638 of trustees must be confined to debts contracted by themselves so that such twelfth section of the statute must be construed as if it read “ for all debts then existing (contracted by them) and for all that shall be contracted (by them) before such re- ■ port shall be made. (Laws of 1848, p. 57, § 12.) The last ■parenthesis is virtually adopted in the case before cited. (Boughton v. Otis, ubi sup.)
The assumption in such case by one of the learned judges who delivered opinions therein, (Justice Comstock,) that, successive boards might be liable for the same debts where there ■ are successive failures to file reports (264) is rather adverse to the conclusion arrived at in the same case, that trustees who come into office after the 21st of January in any one year, in ease of a failure by their predecessors, the trustees then in office to file a report, are personally liable for such debts only, as are contracted while they are in office. The same learned judge seems to intimate (id.) that only the successors of delinquent trustees may and must file a report after 21st of January to escape, further liability, although the statute, by its terms, only authorizes and requires the filing of a report during the first three weeks of that month. His associate, (Judge Denio,) however, seems to consider that such permission extends only to the delinquent trustees themselves, (p. 265.) Nothing shows more clearly the absurdity of the provision when attempted to be construed literally, and the necessity of interpreting it according to the purpose of the statute and the ends of justice.
If the view I have given be correct, the defendant in this case could only be made liable for debts contracted while he was trustee. A mere judgment is not such a debt; nor does the case of Garrison v. Howe, (17 N. Y. Rep. 458,) establish it to be so. It is true it speaks of debts existing during a subsequent default, but that is to be understood of debts contracted by the same trustees and continuing for over a year. The complaint in this action does not state when the .debt was contracted for which the present action was brought, nor that *639 the defendant was a trustee when it was contracted, and is therefore defectiye.
It is also defective in alleging that no report was filed veri- • fied by the president and secretary, when the statute makes a verification by one of such officers sufficient. The allegation that th¿ company have never filed any “ report as by law required,” is altogether too vague and ambiguous to act as a substitute.
The phrase “ the place where the business of the company is carried on,” in such statute, has a technical meaning, (Oswego Starch Factory v. Dolloway, 21 N. Y. Rep. 453, per Denio, J.) and refers to the place designated in the certificate of incorporation, which is required to designate the town and county in which the operations of such company are to be carried on. (§ 1.) It is with- the clerk of such county that the report is required to be filed. An allegation that it was not filed with the clerk of a county where the company might actually have carried on its business amounts to nothing; and that is the only allegation in the complaint in this action as to any filing of a report at all. '
For these reasons judgment must be given for the defendants, unless the plaintiff amend his complaint and pay the costs of the demurrer in twenty days.